IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

JOHN HENRY SMITH,

          Defendant.

1:07-cr-54-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant John Henry Smith's ("Defendant") Objections ("Objections") [51] to Magistrate Judge C. Christopher Hagy's Report and Recommendation ("R&R") [49] on Defendant's Motion to Suppress Alleged Statement to Officer Flint [43], Motion to Suppress Statements [15], and Preliminary Motion to Suppress Evidence [16].  Defendant seeks to suppress a statement he made during a traffic stop in which he acknowledged he had a firearm.  The traffic stop occurred after the driver of a stolen car, in which Defendant was riding, tried to evade police and crashed into a fire hydrant.  Defendant also seeks to suppress a gun and ammunition which were seized from the Defendant when he was arrested after the crash.  Finally, Defendant appears to continue to seek suppression of an incriminating statement he made to federal law

enforcement authorities during an interview conducted after he was read and after he waived his <u>Miranda</u> rights.  While Defendant does not specifically mention the post-<u>Miranda</u>-warning statements, Defendant states in his Objections that he seeks to suppress "statements" he made to law enforcement officers.  While only one statement was made during the traffic stop, by referring to "statements" in the plural, the Court assumes Defendant objects to the Magistrate Judge's recommendation that none of the statements Defendant made, including those made to Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agents, should be suppressed.

The Magistrate Judge recommended that all three motions be denied.  Defendant does not object to the facts set forth in the R&R, except he objects to the Magistrate Judge's crediting of the testimony of Officer Flint.  In the absence of any objection to the facts, the Court adopts the facts in the R&R and considers them in this review of the Objections.  Having reviewed all of the testimony offered at the June 20, 2007 and November 5, 2007, suppression hearings, the Court finds Officer Flint's testimony credible and relies upon it.

**I.    STANDARD OF REVIEW**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specify proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. by Earnest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks and citation omitted).  With respect to those findings and recommendations to which the Defendant has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

**II.   FACTUAL BACKGROUND**

The facts in this case are straightforward.  On November 10, 2006, at 11:40 p.m., Atlanta Police Officer Corey Hymes observed a car speeding on Interstate 75/85 in Atlanta, a section of the interstate known as the "Downtown Connector."

The officer began pursuing the vehicle, flashing his blue emergency lights as he pursued the car. At some point during the pursuit, the officer called in the car license tag number. After a number of lane changes, the driver of the car pulled onto the shoulder of the Downtown Connector and stopped. About this time, Officer Hymes received a report that a search of the car tag number revealed that the car had been reported stolen.

After Officer Hymes got out of his police car and approached the vehicle, it sped off. Officer Hymes got back into his car and resumed the chase. After several erratic lanes changes, the car he was pursuing ran into a fire hydrant. Officer Hymes positioned his car so that it could not flee again, and, after doing so, he approached the vehicle with his weapon drawn. While he was approaching the vehicle, he saw that the driver was trying to put the car in drive. When the driver did not unlock his car door or respond to Officer Hymes' instruction to show his hands, Officer Hymes broke the driver's window. He then noticed the Defendant, who was sitting in the front passenger seat, reach between his legs. Because the Defendant's movement suggested to Officer Hymes that he might have a gun, Officer Hymes moved toward the driver's side back door of the car and broke that door window. About this time, Atlanta Police Officer Gregory Flint arrived at the

scene.  Seeing Officer Hymes with his gun drawn and having heard the car was stolen, Officer Flint considered the situation serious.  Officer Hymes directed Officer Flint to the passenger side of the car, where Defendant was still sitting in the front seat.  Officer Hymes told Officer Flint that the Defendant had been "fidgety," or some other word or words[1] which warned Officer Flint to be cautious.  Thereafter, Officer Hymes ordered the driver and rear seat passenger from the car.  Officer Flint pointed his gun at the Defendant, who raised his hands.  Officer Flint ordered the Defendant from the car and directed him to lay on the ground.  Officer Flint handcuffed the Defendant and began patting him down for weapons.  As he did, the Defendant said "I got a gun."  The statement was not in response to any question.  During the pat-down, Officer Flint discovered a gun, with a loaded magazine, in Defendant's waistband and an additional magazine of ammunition in

---

[1] Officer Flint testified:

A. [by Officer Flint]:  I mean, I don't remember his exact words, but I do - - I'm pretty positive that he did tell something; but I can't recall what it was.
Q. [by the Court]:  Do you recall what your actions were because –
A. [by Officer Flint]:  Well, I mean, I was, you know, more, more cautious when I approached the passenger side of the vehicle.  You know, that was one reason why I kept my gun drawn.

Transcript of November 5, 2007 Suppression Hearing at p. 29.

Defendant's pocket. Defendant was placed into a patrol car and booked on various state charges, including being a felon in possession of a weapon.

On February 21, 2007, Defendant was transferred to federal custody and taken to offices of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. The ATF agents advised the Defendant of his Miranda rights, which he waived, and he then was interviewed. During the interview, Defendant made a variety of incriminating statements.

## III. DISCUSSION

As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810-11(1996); accord Draper v. Reynolds, 369 F.3d 1270, 1275 (11th Cir. 2004), cert. denied, 543 U.S. 988 (2004). Probable cause exists when "the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Miller v. Harget, 458 F.3d 1251, 1259 (11th Cir. 2006), cert. denied, 127 S. Ct. 2429 (2007).

Once a vehicle is stopped, a police officer may conduct a limited search for

weapons where he has a reasonable belief he is in danger. United States v. Bonds, 829 F.2d 1072, 1074 (11th Cir. 1987); United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001) ("officers conducting a traffic stop may take such steps as [are] reasonably necessary to protect their personal safety") (internal quotations omitted). That a person is handcuffed in connection with a traffic stop will not "automatically convert a Terry stop into a *de facto* arrest requiring probable cause." United States v. Kapperman, 764 F.2d 786, 790 n.4 (11th Cir. 1985). Where agents reasonably believe a person presents a danger to their safety, handcuffing is permitted. United States v. Hastamorir, 881 F.2d 1551, 1557 (11th Cir. 1989) (handcuffing of person at a traffic stop permitted where reasonable agents believe a person presented risk to their safety).

The facts are compelling here that the stop of the car in which Defendant was a passenger was constitutionally allowed, and, after the stop was made, the pat-down of Defendant was constitutionally allowed, even after he was handcuffed. As Officer Flint approached the car, he saw Officer Hymes with his weapon drawn and that two windows of the car had been broken out. Officer Flint also knew the car had been reported stolen, and Officer Hymes had said something to Officer Flint that forecasted that Officer Flint had to be careful in dealing with the

Defendant.  Under these circumstances, Officer Flint reasonably believed his safety was at risk and it was reasonable to handcuff the Defendant and place him on the ground before patting him down.  Whether the Defendant was patted down during a <u>Terry</u> stop or had been detained, the pat-down was reasonable and, the Court submits, the only reasonable course of action.

With respect to Defendant's statement that he had a gun, there is no evidence the statement was anything other than volunteered.  There is no evidence that Defendant made a response to any question asked of him by Officer Flint or any other person.[2]  Discovery of the gun and ammunition was the result of a constitutionally permitted pat-down of Defendant's person, and the seizure of the gun and ammunition was constitutionally allowed.  Weighing all the circumstances here, the Court finds that Defendant's unsolicited statement about the gun was not the result of an interrogation, and the objection to the Magistrate Judge's finding that the statement is admissible is overruled.

---

[2] It appears Officer Flint's discovery of the gun was inevitable and Defendant may have simply elected to state he had it before it was discovered.

Defendant made his later statement to federal investigative agents after he was given his Miranda warnings and after he waived those rights, thereby allowing any incriminating statements Defendant made to be admitted at trial. Defendant's objection to the recommendation these statements not be suppressed is overruled.

For the foregoing reasons, having given a fresh consideration to those issues in the R&R to which a specific objection has been made, and having reviewed for plain error those issues in the R&R to which no objection was asserted,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the R&R [49] and incorporates it as part of this Order and Opinion, as supplemented by the Court's findings herein.

**IT IS HEREBY FURTHER ORDERED** that Defendant John Henry Smith's Objections to Magistrate Judge C. Christopher Hagy's Report and Recommendation [49] are **OVERRULED.**

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion to Suppress Alleged Statement to Officer Flint [43], Motion to Suppress Statements [15] and Preliminary Motion to Suppress Evidence [16] are **DENIED**.

**SO ORDERED** this 17th day of March 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE